IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEFFREY STARK,

    Plaintiff,

v.                                    CASE NO. 1:17-cv-81-MW-GRJ

ROSE ANNA RUTLEDGE,

    Defendant.

_____/

# ORDER AND
# REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, initiated this case by filing a complaint, ECF No. 1, and a motion for leave to proceed as a pauper, ECF No. 2. Leave to proceed as a pauper will be granted for the limited purpose of dismissing this case pursuant to 28 U.S.C § 1915(e) for failure to state a claim upon which relief may be granted.

Plaintiff sues Defendant, a "counselor" who allegedly counseled Plaintiff from December 2015 through August 2016. Plaintiff alleges that Defendant was "acting as though she is a psychiatrist," and that Defendant told Plaintiff what he was thinking. Plaintiff alleges that Defendant kept him from seeing his children. Plaintiff seeks $500,000 in damages. ECF No. 1.

Pursuant to 28 U.S.C. § 1915 governing proceedings *in forma*

*pauperis*, the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C § 1915(e). The Court must liberally construe a *pro se* Plaintiff's allegations. *Haines v. Kerner*, 404 U.S. 519 (1972); *see also Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)(*overruled on other grounds* by *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)*).*

Federal courts are courts of limited jurisdiction that possess only that power authorized by the Constitution and federal statutes. *See, e.g., Delaware v. Van Arsdall*, 475 U.S. 673, 692 (1986). A plaintiff invoking the court's jurisdiction must establish the basis for such jurisdiction in the complaint. *See Taylor v. Appleton,* 30 F.3rd 1365, 1367 (11th Cir. 1994).

To the extent that Plaintiff is attempting to assert a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution

or a statute of the United States; and (2) the deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). The plaintiff must allege facts showing an affirmative causal connection between each specific defendant's conduct and the alleged deprivation of his constitutional rights. *Zatler v. Wainwright,* 802 F. 2d 397, 401 (11th Cir. 1986). If a plaintiff cannot satisfy these requirements, or fails to provide factual allegations in support of his claim, the complaint is subject to dismissal. *Id.* at 737-38.

Plaintiff alleges no cognizable federal cause of action in the Complaint. Plaintiff conclusionally asserts that his constitutional rights were violated, *see* ECF No. 4, but there are no facts suggesting that Defendant violated any of Plaintiff's constitutional rights in connection with providing counseling services, or that Defendant did so under color of state law.[1]

---

[1] Plaintiff's claims originate from his 2015 Levy County guilty plea to one count of committing a sex offense, for which Plaintiff received a sentence of probation. *See State v. Stark*, Case No. 2014 CF 545 (8th Jud. Cir., Levy County). Plaintiff was charged with violating the conditions of probation in September 2016. *Id.* Plaintiff has been advised in other cases that to the extent he seeks to challenge his underlying violation of probation proceedings, the correct proceeding is a petition for a writ of habeas corpus, after he exhausts all state remedies. Such a petition must, however, satisfy the procedural requirements of 28 U.S.C. § 2254. *See Stark v. Levy County Sheriff*, Case No. 1:17-cv-64-MW-GRJ.

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be freely given." See Fed.R.Civ.P. 15(a). Under *Foman*, however, a district court may properly deny leave to amend the complaint when such amendment would be futile. *Foman*, 371 U.S. at 182. Under the facts presented, the Court concludes that amendment of the Complaint would be futile because amendment would not cure the deficiency regarding the lack of any factual basis for the exercise of federal subject matter jurisdiction pursuant to section 1983.

Accordingly, it is **ORDERED** that Plaintiff's motion for leave to proceed as a pauper, ECF No. 2, is **GRANTED**.

It is respectfully **RECOMMENDED** that this case should be **DISMISSED** for lack of subject matter jurisdiction and failure to state a claim.

**IN CHAMBERS** in Gainesville, Florida, on the 10th day of May 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.